427 P.2d 358

Edward WALLACE, Appellant,

v.

The STATE of Arizona ex rel. Frank A.
EYMAN, Warden, Arizona State
Prison, Appellee.

No. 2 CA–CIV 384.

Court of Appeals of Arizona.

May 1, 1967.

Rehearing Denied June 2, 1967.

Review Denied Sept. 21, 1967.

Edward Wallace, in pro. per.

Darrell F. Smith, Atty. Gen., by James S. Tegart, Asst. Atty. Gen., Phoenix, for appellee.

PER CURIAM.

The appellant, an inmate of the Arizona State Prison, filed a petition for a writ of habeas corpus in superior court, Pinal county, which was denied, and this appeal followed. The appellant has filed a "motion for leave to submit cause on the record" claiming that he has nothing more with which to fortify his position than appears in the record. Although appellant's failure to file an opening brief would justify dismissal of this appeal,[1] for good cause shown and in the furtherance of justice this court may suspend the operation of

1. Rule 7(a) (1), Rules of the Supreme Court, 17 A.R.S.

the rules governing appeals.[2] Since the record below is sufficient to apprise this court of both appellant's and appellee's positions and submission of briefs would serve no useful purpose, we are granting appellant's motion and consider the matter submitted.

The substance of the appellant's claim was that his sentence was invalid in that the sentencing court was without jurisdiction to consider an alleged prior conviction and increase his punishment for conviction of the crime of aggravated assault and battery, which is punishable by imprisonment not to exceed five years. A.R.S. § 13–245(B), as amended. The petition for a writ of habeas corpus contained the following:

"Petitioner was arrested on or about the 24th day of October 1964, by the police authorities of Cochise County, Bisbee, Arizona, was subsequently charged with the crime of Aggravated Assault (Count I), and with a Prior Conviction being alleged (Count II). Petitioner was later tried on February 17, 1965, before a jury, and was thereby convicted on the alleged charge of aggravated assault, *having entered a plea of guilty to the alleged prior conviction* before the beginning of the trial, this charge was not before the jury." (Emphasis added)

The appellant, with counsel present, was subsequently sentenced to imprisonment in the state prison for a period of not less than four nor more than seven years. The judgment recited:

"IT IS THE JUDGMENT of the court that the defendant EDWARD WALLACE is guilty of AGGRAVATED ASSAULT (Count 1) PRIOR CONVICTION—Grand Larceny (Count 2) as charged in the Information."

The pertinent portions of the information filed by the Cochise County Attorney stated:

" * * * the said defendant, Edward Wallace, did wilfully, unlawfully and feloniously:

### COUNT I

"Commit an aggravated assault and battery upon Julian Tafoya in Lowell, Arizona, contrary to Section 13–245, ARS; and

### COUNT II

"The said Edward Wallace had previously been convicted of a felony, to-wit: Grand Larceny, on or about September 22, 1959, in Mobile, Alabama, contrary to Section 13–1649, ARS."

The appellant's position is that only under A.R.S. § 13–1650 did the sentencing court have jurisdiction to increase his punishment because of a prior conviction without the State of Arizona. Therefore, he contends, since the information specified A.R.S. § 13–1649 which refers to prior convictions within the state, his sentence was illegal and void, notwithstanding he pleaded guilty to the prior conviction.

Rule 134, Rules of Criminal Procedure, prescribe the manner of alleging a prior conviction:

"A. No indictment or information shall contain an allegation of a prior conviction of the defendant unless such allegation is necessary to charge the offense under Rule 115 or to enable the court to fix the punishment for an offense. The date of judgment upon each conviction shall be stated and not more than two prior convictions shall be charged in any one indictment or information.

"B. In an indictment or information charging a previous conviction of the defendant, it is sufficient to state: 'That the defendant, before the commission of the offense charged in this indictment

---

2. Rule 26, as amended, Rules of the Supreme Court, 17 A.R.S.

or information, was in (giving the title of the court in which the conviction was had) convicted of (stating the offense)."

Thus we see that the allegation of appellant's prior conviction (Count II) was sufficient without the additional words "contrary to Section 13–1649, A.R.S." These words being unnecessary could be disregarded as mere surplusage. Rule 144, Rules of Criminal Procedure.

The appellant's admission of the truth of the allegation of prior conviction was conclusive in all subsequent proceedings. State v. Palmer, 5 Ariz.App. 192, 424 P.2d 840, 841 (1 CA–CR 97, filed March 9, 1967); Rule 180, Rules of Criminal Procedure, 17 A.R.S.[3] Therefore, the adjudication of prior conviction in the judgment of appellant's guilt and sentence was correct.

The offense of grand larceny is punishable in this state by imprisonment in the state prison for a term not to exceed ten years (A.R.S. § 13–671). A.R.S. § 13–1650 provides:

"A person who has been convicted in any court without this state of an offense which, if committed within the state, would be punishable by the laws of this state by imprisonment in the state prison, shall be punished for any subsequent crime committed within this state in the manner prescribed by § 13–1649, and to the same extent as if the first conviction had taken place in a court of this state."

A.R.S. § 13–1649, in pertinent part, provides:

"A. A person who, having been previously convicted * * * for any offense punishable by imprisonment in the state prison, commits any crime after such conviction, shall be punished upon conviction of such subsequent offense as follows:

\*   \*   \*   \*   \*   \*

"2. If for an offense punishable for a first conviction by imprisonment not ex-

ceeding five years, by imprisonment in the state prison for not to exceed ten years.

\*   \*   \*   \*   \*   \*

"B. The punishments prescribed by this section shall be substituted for those prescribed for a first offense if the previous conviction is charged in the indictment or information and admitted or found by the jury."

Appellant's admission of a prior Alabama conviction of grand larceny authorized the court to substitute a sentence up to ten years for conviction of aggravated assault and battery, although the prescribed maximum sentence is five years for a first offense.

Since the appellant's confinement in the state prison was by virtue of a valid sentence which had not expired, the superior court properly denied habeas corpus relief.

Order affirmed.

HATHAWAY, C. J., and KRUCKER, and MOLLOY, JJ.

---

3. No question was presented here, as in the *Palmer* case, that the requisites of Rule 180 were not followed.