493 P.2d 498

The STATE of Arizona, Appellee,
v.
John Nick JOHNSON, Appellant.
No. 2023.

Supreme Court of Arizona,
In Banc.
Feb. 2, 1972.

Gary K. Nelson, Atty. Gen., by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Justice.

On July 11, 1968, an information was filed in the Superior Court for Maricopa County charging the defendant with two felonies: Count One, assault with the intent to commit murder, and Count Two, robbery. The information also alleged two prior felony convictions. Defendant initially pleaded not guilty to each count and denied the allegations of the prior convictions but thereafter, on September 9, 1968, after interrogation by the court, pleaded guilty to robbery and admitted the prior convictions. Count One, alleging assault with intent to commit murder, was dismissed. We granted defendant's motion for delayed appeal for the reason that he was not advised of his right to take an appeal.

On September 26, 1968, the defendant was orally sentenced in this language:

> "The judgment will be you are guilty of robbery, and as punishment for that offense, the Court sentences you to serve a term in the Arizona State Prison of not less than 25 nor more than 30 years."

However, on October 2, 1968, the court signed and entered a written judgment in which it adjudged defendant guilty of "ROBBERY, a felony, *(with Prior Conviction)*."

He complains of this discrepancy, contending that because the oral pronouncement of sentence did not include a finding that the defendant had suffered a previous conviction, it was improper for the court to sentence him under Arizona's increased punishment statutes.

In Arizona, robbery is punishable by imprisonment in the state prison for not less than five years, A.R.S. § 13–643, as amended. Upon defendant's plea of guilty, the court could, therefore, have imposed a sentence for any term of years of not less than five, up to and including life imprisonment, cf. State v. Lewis, 107 Ariz. 163, 483 P.2d 1402 (1971). The twenty-five to thirty year sentence would be a legal sentence by force of § 13–643. But since robbery with a prior conviction is punishable in the state prison for not less than a minimum of ten years, A.R.S. § 13–1649, as amended, the sentence could have been imposed and would be a legal sentence under § 13–1649.

Since the minimum sentence was twenty-five years, a legal sentence under either statute, there is no particular reason to believe that the court imposed the sentence because of the enhanced punishment provisions of § 13–1649 for a prior conviction. The inference is to the contrary. If the court felt compelled to enhance defendant's punishment solely by reason of this latter statute, it could have fixed the minimum at ten years.

But, irrespective, by Rule 325 of the Arizona Rules of Criminal Procedure, 17 A.R.S., a judgment is complete and valid when it is orally pronounced by the court and entered in the minutes. Nothing further is necessary and a written judgment is not required. State v. Dowthard, 92 Ariz. 44, 373 P.2d 357. Accordingly, if there were an inconsistency between the written judgment of conviction and the oral sentence, which we hold there is not, the oral pronouncement would control.

By Rule 180, Rules of Criminal Procedure, 17 A.R.S., when a defendant who has been charged in an information with a previous conviction answers that he has suffered such previous conviction, his answer shall be entered by the clerk in the minutes of the court and shall *"be conclusive of the previous conviction in all subsequent proceedings."* And see Wallace v. State, 5 Ariz.App. 377, 427 P.2d 358 (1967). At the time defendant changed his plea to guilty, he admitted the truth of the allegations of prior convictions and the clerk of court made the following entry in the minutes: "Let the record also show that defendant admits the prior conviction attached to the information."

The admission by defendant of the prior conviction is simply the admission of the operative fact which gives the court jurisdiction to impose increased punishment. There is no magic in words. Certainly there is no requirement under Rule 180 that the court audibly state that defendant had suffered a prior conviction as a necessary prelude to the pronouncement of sentence under § 13–1649. The rule only requires that the admission of a former conviction be entered in the minutes of the court for it to be conclusive in all subsequent proceedings. The admission entered in the minutes of the court was conclusive seventeen days later when sentence was pronounced and when the written judgment was signed by the sentencing judge.

Judgment and sentence affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.