dissenting.
¶ 40 I respectfully dissent from the conclusion that Whitman timely filed his notice of appeal. Although I would join in the majority’s conclusion that the trial court did not err in denying the motion to suppress, I must dissent because I conclude that the pertinent rules are not ambiguous.
¶ 41 The jurisdictional issue is whether the clause “entry of judgment and sentence” is ambiguous when considered in context of the rules of criminal procedure, specifically including Rule 26.16(a), Ariz. R.Crim. P. But the rule’s plain statement that judgment and sentence “are complete and valid as of the time of their oral pronouncement in open court,” makes the clause unambiguous. Ariz. R.Crim. P. 26.16(a). Entry of judgment and sentence occurs at the time of sentencing and it starts the clock for filing a notice of appeal. See Ariz. R.Crim. P. 26.16(a), 31.3, 41, Form 23.
¶ 42 Equally important, I conclude the majority’s opinion effectively adopts the federal rule that the Arizona Supreme Court explicitly rejected in 1973. Compare Ariz. R.Crim. P. 26.16(a) and cmt. with Arizona State Bar Committee on Criminal Law, Arizona Proposed Rules of Criminal Procedure, at 132 (1972) (hereinafter Proposed Rules). Additionally, construing the clause in Rule 31.3, Ariz. R.Crim. P., as directed by the majority will cause conflicts and confusion in the interpretation and application of other rules of criminal procedure.
¶ 43 I would dismiss the appeal for lack of jurisdiction.
Is there ambiguity in the meaning of “entry of judgment and sentence”?
¶ 44 The majority finds ambiguity because Rule 31.3 does not expressly state when “entry of judgment and sentence” occurs. See supra ¶ 4. From that starting point, the majority concludes that Rule 31.3 “requires more than a grasp of the English language; it requires that a person interpret and harmonize our various rules and forms.” Supra ¶ 20 note 2. This conclusion does not give sufficient weight to the use of the clause throughout the rules; it unduly relies upon dicta from several eases; and, it does not accept our supreme court’s rule-making decisions made in 1973 and re-affirmed in 2008.
*71 ¶ 45 The primary goal of rule interpretation is to discern and give effect to the intent of our supreme court in promulgating a given rule. Chronis v. Steinle, 220 Ariz. 559, ¶ 6, 208 P.3d 210, 211 (2009). Intent includes its effects and purpose, and the context in which the rule is used. State v. Aguilar, 209 Ariz. 40, ¶ 23, 97 P.3d 865, 872 (2004). These rules “are designed to protect the fundamental rights of the individual and to promote simplicity in procedure while eliminating unnecessary delay and expense.” State v. Gomez, 27 Ariz.App. 248, 251, 553 P.2d 1233, 1236 (1976).
¶ 46 Even when a rule is clear, we may examine the rule in the context of other rules and use headings for guidance. Cf. Pleak v. Entrada Prop. Owners’ Ass’n, 205 Ariz. 471, ¶¶ 7-8, 73 P.3d 602, 605 (App.2003) (interpreting subsections to conclude statute governing cities does not apply to unincorporated areas). Thus, we must read Rule 31.3 in the context of other rules of criminal procedure. State ex rel. Larson v. Farley, 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970) (related provisions must be construed as though they constituted one law). When considered in the context of the rules as a whole, the definition of entry of judgment and sentence is not limited to Rule 31. See Ariz. R.Crim. P. 24.2, 24.3, 30.2, 32.4(a).
¶ 47 The issue is definition and timing. Although the clause “entry of judgment and sentence” appears in eight different rules,[5] it generally is used in the same manner as Rule 31.3: it marks the start of a time period. It is only Rule 26.16, however, that presents the clause in its heading to designate its introduction and definition:
Rule 26.16 Entry of judgment and sentence; warrant of authority to execute sentence
a. Entry of Judgment and Sentence.
The judgment of conviction and the sentence thereon are complete and valid as of the time of their oral pronouncement in open court.
Most important, the text of the rule specifies when judgment and sentence are complete: “as of the time of their oral pronouncement in open court.” Id.
¶ 48 An equally clear statement of entry of judgment and sentence is contained in Form 23. Ariz. R.Crim. P. 41, Form 23. It eliminates legal nominalizations, such as “oral pronouncement,” that might not be understood by a lay person and replaces them with a universally understood clause: “[entry] occurs at the time of sentencing.”
¶49 The majority acknowledges that the specific admonition in Form 23 directly contradicts its reading of Rule 26.16, but dismisses its significance as an atavism from 1972. Supra ¶ 25. The recent rules petitions and supreme court activity regarding Form 23 do not support this conclusion; rather, they underscore the close scrutiny our supreme court has given to this area.
¶ 50 In 2003, the Limited Jurisdiction Committee recommended deletion of the forms accompanying the rules of criminal procedure. See Amended Petition to Amend Forms Appended to the Rules of Criminal Procedure (“Amended Petition”), No. R-03-0029 (filed Nov. 1, 2006); Arizona Supreme Court Rules Agenda (June 1, 2004). The Arizona Supreme Court deferred action on the petition and created the Criminal Rules Review Committee to review all of the forms to determine if they should be updated. Amended Petition at 2; Arizona Supreme Court Minutes (June 1, 2004). The Committee was comprised of trial judges and criminal law specialists. Amended Petition, Attachment I. After an extensive review and revision of the forms, the Committee recommended retention of the forms for statewide use. See id. Of particular significance, Form 23 underwent changes pertaining to capital sentences. Id. at 15 and Attachment II. The Committee specifically recommended against “other substantive changes” to Form 23. Id. at 15. Certainly, if the Committee believed that the critical sentence — judgment “occurs at the time of sentencing” — was an incorrect statement of law or confusing and contradictory, it would have alerted the supreme court and made an appropriate recommendation. The Committee’s recommendations also were reviewed and commented *72 upon by other interested parties, none of whom flagged the sentence as a problem.[6] Finally, the supreme court would have closely reviewed Form 23 as part of its rules petition review process. The supreme court affirmed its intent in 2008, through Rule 40 and Form 23, that “entry of judgment and sentence occurs at the time of sentencing.” Order Promulgating Rule 40, Ariz. R.Crim. P., and Amending the Forms Appended to Ariz. R.Crim. P. (Sept. 5, 2007) amended by Order Correcting a Previous Order Promulgating Rule 40 (Sept. 25, 2007) (changing Rule 40 to Rule 41).
¶ 51 In summary on this point, I do not believe it necessary to look beyond Rule 26.16(a) and Form 23 to determine when the time for appeal begins to run. See Xavier R. v. Joseph R., 230 Ariz. 96, ¶ 3, 280 P.3d 640, 642 (App.2012) (plain language of rule best reflection of supreme court’s intent in promulgating it; unless rule unclear or ambiguous or result of giving effect to plain language would be absurd, reviewing court “will not employ principles of construction in order to determine the meaning of the rule and the supreme court’s intent in promulgating it”). Moreover, the majority’s reliance on historical background cannot support or insert a finding of ambiguity where the language itself is unambiguous. See State ex rel. Corbin v. Pickrell, 136 Ariz. 589, 592, 667 P.2d 1304, 1307 (1983) (prior language of consumer fraud act irrelevant where amended act unambiguous). But, even assuming for the purpose of engaging the majority’s argument that the plain language of the rules is insufficient and the admonishment in Form 23 contradicts the rules, neither the 1973 historical changes nor dicta in several posb-1973 eases support a conclusion that the Arizona Supreme Court adopted the federal rule.
The history of the pertinent rules shows the intent of the Arizona Supreme Court to mark the time to appeal from sentencing.
¶ 52 The majority is correct that Arizona law before 1973 required oral pronouncement and written entry in the court minutes before the ease could be appealed. See, e.g., State v. Johnson, 108 Ariz. 116, 118, 493 P.2d 498, 500 (1972); Ariz. R.Crim. P. 325(B), 17 A.R.S. (1956) (“When judgment of guilty has been rendered, the court shall pronounce sentence in open court and it shall be entered of record.”). I believe the majority errs, however, when it concludes that more recent criminal cases follow the pre-1973 law to require both oral pronouncement and entry in the clerk’s minutes. See supra ¶ 8. The language quoted by the majority in each case is dicta that copied wholesale the language of pre-1973 law. See, e.g., State v. Bolding, 227 Ariz. 82, ¶ 13, 253 P.3d 279, 284 (App.2011), quoting State v. Glasscock, 168 Ariz. 265, 267 n. 2, 812 P.2d 1083, 1085 n. 2 (App.1990), relying on Johnson, 108 Ariz. at 118, 493 P.2d at 500, and State v. Perez, 172 Ariz. 290, 292, 836 P.2d 1000, 1002 (App.1992), relying on Johnson, 108 Ariz. at 118, 493 P.2d at 500. Each of the posb-1973 cases failed to note the dramatic restructuring of the rules of criminal procedure in 1973 and illustrates problems caused by uncritical citation to pre-1973 case law.
¶ 53 More important, rather than suggesting an ambiguity as the majority argues, the historical context of the rules shows the intent of our supreme court. In 1973, the court abrogated all 367 rules of criminal procedure, replacing them with the current rules. Promulgating Order, 17 A.R.S. Rules of Criminal Procedure at XXX (1973). The 1973 rules were proposed by an Advisory Committee consisting of criminal law practitioners and academics from across the state. Proposed Rules, Committee Roster; John M. Greaeen, The Proposed New Rules of Criminal Procedure — A Preview of The State Bar Committee’s Convention Presentation, 7 Ariz. B.J., 11, 11 (Spring 1972). The Advisory Committee was assisted by three full-time attorneys working under a federal grant. Graecen, supra, at 11. The mission of the Advisory Committee was to start “from scratch” to reorganize and to make “substan *73 tial changes in the nature of the criminal process.” Id. One set of changes involved sentencing, admonishment of appellate rights, and time for appeals. Id. at 17.
¶ 54 Before 1973, a defendant generally was not required to be present at sentencing. See Ariz. R.Crim. P. 235, 17 A.R.S. (1956). But Rule 26.9 mandates the presence of the defendant for sentencing. See also Ariz. R.Crim. P. 26.9, 17 AR.S. (1973). The comment to the rule explains the change was made “because of essential warnings and information regarding appeal required to be given after sentence is pronounced.” Ariz. R.Crim. P. 26.9 cmt. Rule 26.11 describes the specific information and warnings to be conveyed to the defendant by the judge. The rule also requires the court to provide the defendant with a written notice of appeal using a form incorporated into the rules. See Ariz. R.Crim. P. 26.11(e) and cmt. Form 23, added in 1973, provides in relevant part:
You have a right to appeal from a final judgment of conviction, from an order denying a post-trial motion, or from a sentence which is illegal or excessive.
In order to exercise this right:
1. You must file a NOTICE OF APPEAL (Form XXIV(a)) within 20 DAYS of the entry of judgment and sentence. If you do not file a notice of appeal within 20 days you will lose your right to appeal. The entry of judgment and sentence occurs at the time of sentencing. If you do not appeal you may not ever have another opportunity to have any errors made in this case corrected by another court.
Ariz. R.Crim. P., 17 A.R.S. (1973) (citations omitted).
¶ 55 Rule 26.11 and Form 23 were new. They were not derived from the 1956 Rules. The comment to Rule 26.11 observed that the duties imposed on trial judges and the information in the form were drawn from “current practice,” and were intended to convey information covered in Rules 6 (right to counsel), 31 (right to appeal), and 32 (post-conviction relief).[7] Ariz. R.Crim. P. 26.11 cmt., 17 A.R.S. (1973). This was a significant change that directly involved the defendant. The Rules of Criminal Procedure provided a plain statement of the law about a right and duty that did not require a lawyer, legal training, or access to law books to understand. Compare Ariz. R.Crim. P. 325, 327, 330, and 348, 17 A.R.S. (1956), with Ariz. R.Crim. P. 26.11, 26.16, and 31.3, 17 AR.S. (1973). This plain statement resolved in 1973 the question posed by the majority today. See Ariz. R.Crim. P. 41, Form 23; see also, Ariz. R.Crim. P. Form 23, 17 AR.S. (1973).
¶ 56 Equally telling, our supreme court rejected the Advisory Committee recommendation to adopt the federal rule regarding entry of judgment and sentence. The Advisory Committee suggested that the “notation of the exact terms of the judgment and sentence by the clerk in the docket shall constitute the entry of judgment and sentence.” Proposed Rules, at 132. The proposed comment had explained: “This section is derived from Fed. R.App. P. 36. The date of the entry of judgment and sentence is the point from which the 20-day time limit for filing a notice of appeal is measured. See Rule [31.3].” Id. Significantly, our supreme court rejected the proposed language and eliminated the comment. Compare Proposed Rules, Rule 29.16, with Rule 26.16, 17 A.R.S. (1973). The court rejected the federal rule and deliberately chose the language the rule has in its current form. By effectively adopting the long-existing federal rule,[8] the majority overrules the decision of our supreme court rejecting that rule. This court lacks such authority. See Sell v. Gama, 231 Ariz. 323, ¶ 31, 295 P.3d 421, 428 (2013) (prior decisions of highest court cannot be disaffirmed by a lower court).
*74 ¶ 57 In response to the observation that its holding adopts many aspects, but not all,[9] of the federal rule, the majority argues our supreme court may have been concerned about sentence finality rather than appellate timing. For instance, the majority cites State v. Falkner, 112 Ariz. 372, 373, 542 P.2d 404, 405 (1975), for the proposition that the 1973 changes were a complement to a general preference for finality.[10] Falkner is inap-posite because it neither relies on nor references Rule 26.16 or Rule 31.3. Moreover, to the extent Falkner addresses judgment being complete only upon entry of the clerk’s minutes, it observed that the principle was good law “[pjrior to the passage of the 1973 Rules.” Id. at 373, 542 P.2d at 405 citing Johnson, 108 Ariz. at 118, 493 P.2d at 500, and State v. Dowthard, 92 Ariz. 44, 373 P.2d 357 (1962). If Johnson and Dowthard remained good law, our supreme court would not have qualified them precedential value as being limited to the law in effect prior to the enactment of the 1973 changes. Falkner makes the clear point, albeit in dicta, that entry of judgment and sentence had a different meaning prior to 1973.
Does interpreting “entry of judgment and sentence” to mean the same as “filing of the minute entry” cause conflicts or confusion with respect to other rules of criminal procedure?
¶ 58 The majority interprets the phrase “entry of judgment and sentence” in Rule 31.3 to focus on the signed minute entry rather than the oral pronouncements at the sentencing hearing. In certain circumstances, however, such an interpretation may result in confusion and create future problems. For instance, Rule 31.8(b)(2)(iii) requires the court reporter to transcribe the “entry of judgment and sentence.” Under the majority’s interpretation, this would mean the court reporter must transcribe the minute entry. Clearly, the intent of the rule is to require a transcription of the sentencing hearing, not the minute entry.
¶ 59 The majority’s interpretation also causes potential confusion for trial judges and defendants regarding the admonishment that must be given under Rule 26.11. Will the trial judge be required to explain that the twenty-day period begins to run from the filing of a minute entry on some unknown date in the future? Will the defendant fail to receive timely notice of that filing because of his or her transfer from jail to prison? Contrast the complexity of an admonishment the majority’s holding will require with the trial judge’s warning to Whitman: “You have the right to file an appeal because you had a trial. So you have to do that within 20 days.”
¶ 60 Finally, the majority’s interpretation plainly conflicts with the statement in Form 23 that the “entry of judgment and sentence occurs at the time of sentencing.” Should trial courts amend their Form 23 to conform to the holding in this case? As discussed earlier, supra ¶ 56, I do not believe a lower court has authority to invalidate a criminal procedure form that our supreme court has found “sufficient to meet the requirements of these rules.” See Ariz. R.Crim. P. 41.
Would defendants be unfairly prejudiced if “entry of judgment and sentence” means the date of sentencing?
¶ 61 My colleagues’ conclusions in this regard emanate, in part, from understandable concern that confusion about when the time for filing a notice of appeal begins to run could unfairly penalize defendants despite the diligent efforts of their attorneys. Fortunately, this is an area in which defendants have strong protection. Rule 32.1(f), Ariz. R.Crim. P., provides that defendants are entitled to posUconviction relief upon a showing that they were not at fault for the failure to file a timely notice of appeal. For instance, *75 in the notice of appeal Whitman’s attorney filed on December 28, counsel referred to the judgment of guilt and sentence imposed “on December 20.” Counsel most likely believed the notice was timely. Instead, there was likely a clerical error or miseommunication.[11] On the present record, Rule 32.1(f) would provide relief that would protect Whitman from unfair prejudice arising from a routine mistake.
¶ 62 Finally, while I do not doubt for a moment my colleagues’ intent to remedy what they conclude are “confusing and seemingly contradictory rules and forms,” supra ¶ 20, today’s holding will cause more problems for defense attorneys and their clients. A twenty-day deadline that runs from the time of sentencing is clear, while also protecting defendants’ rights. With the mandatory presence of defendant and his attorney at sentencing, the court informs everyone (including victims and observers) by oral pronouncement and in writing that defendant has twenty days from that date to file a notice of appeal. Ariz. R.Crim. P. 26.9, 26.11, and 41, Form 23. An especially diligent attorney can provide the exact date to defendant while in the courtroom.
¶ 63 Under the majority’s holding, however, simplicity is lost. For any ease in which the defendant does not make an immediate decision to appeal, defense counsel is burdened with unnecessary post-sentencing tasks. He or she must closely monitor the filings to determine the exact date the sentencing minute entry is filed. Counsel is then required to give written notification of the deadline to a client who is typically in transit between penal institutions. The client in turn must communicate to defense counsel whether he or she wishes to appeal. In a high-volume criminal defense practice, this type of complexity does not benefit attorneys or their clients. It also conflicts with a primary purpose of the rules “to secure simplicity in procedure.” See Ariz. R.Crim. P. 1.2.
Conclusion
¶ 64 Since 1973, defendants have been told by trial judges, and in a written form, that they have twenty days from sentencing to file a notice of appeal; otherwise, they will lose the right to appeal. I believe this is the proper procedure based on a simple reading of an unambiguous rule. I would dismiss the appeal for lack of jurisdiction, which would allow Whitman to confer with counsel regarding post-conviction relief.

. Ariz. R.Crim. P. 24.2, 24.3, 26.16, 30.2, 31.2(b), 31.3, 31.8(b)(2)(iii), and 32.4(a).

. Arizona Supreme Court Rules Comment Forum, R-03-0029 Petition to Amend the Forms Appended to the Rules of Criminal Procedure, available at http://azdn n.dnnmax.com/AZSupre-meCourtMain/AZCourtRulesMain/CourtRulesFo-rumMain/CourtRulesForum/tabid/91/view/topic/ forumid/3/postid/226/Default.aspx (last visited May 2, 2013).

. This comment also contradicts the majority's assertion that Rule 26 does not concern appeals. See supra ¶ 18. To the contrary, it anticipates that the sentencing court and written materials must inform the defendant about appellate rights, procedures, and deadlines.

. See Fed. R.App. P. 36 ("A judgment is entered when it is noted on the docket.”) and 4(b) ("In a criminal case, a defendant's notice of appeal must be filed ... after ... the entry of ... judgment____”).

. Rule 4(b), Fed. R.App. P., also addresses premature notices filed before entry of judgment or a ruling on a time-extending motion, affirmation of trial court jurisdiction, and good cause extensions of time for failure to file a timely notice.

. Although the majority also employs State v. Brown, 23 Ariz.App. 225, 532 P.2d 167 (1975), in various contexts, it has limited value on the principal issue because it was clear soon after the 1973 changes that certain comments were in conflict with the language of other rules and were causing confusion. See State v. Brown, 112 Ariz. 29, 31, 536 P.2d 1047, 1049 (1975) (observing that conflicting comments were in the process of being deleted).

. Although not dispositive of the legal issue here, we should not ignore the facts of this case. After the state challenged jurisdiction based on the timeliness of the notice of appeal, Whitman agreed that Rule 31.3 “provides for only a 20-day window” from sentencing and requested an additional five calendar days based on the mailing rule. Whitman has never argued he was confused by the meaning of entry of judgment and sentence. More likely, counsel mistakenly believed sentencing had occurred on December 20.