433 P.2d 44

The STATE of Arizona, Appellee,

v.

Shirley SMITH and Anne Lucille Stelzriede, Appellants.

No. 2 CA–CR 87.

Court of Appeals of Arizona.

Nov. 3, 1967.

Rehearing Denied Nov. 30, 1967.

Review Denied Jan. 23, 1968.

**394**

Darrell F. Smith, Atty. Gen., Carl Waag, Phoenix, Asst. Atty. Gen., for appellee.

Cox & Johnson, by Thomas E. Johnson, Jr., Eloy, for appellants.

JOHN A. McGUIRE, Superior Court Judge.

Both defendants were convicted in the superior court of Pinal County of the crime of escape from the state prison in violation of A.R.S. § 13–392. The facts are simple.

On February 21, 1966, Anne Lucille Stelzriede was sentenced to a term less than life in the state prison at Florence by the Superior Court of Maricopa County and on February 23, 1966, Shirley Smith was likewise sentenced by the same court to a term of less than life in the same prison, both sentences to run from the day of imposition. These sentences were imposed by different divisions of the court and were for entirely separate crimes; however, this is not material to the legal issues.

On February 25 the defendants were moved by a deputy sheriff of Maricopa County to the prison and given into the custody of one of the matron employees of the prison at about 2:30 in the afternoon. After a portion of the processing procedure had been completed in the women's section of the prison where defendants had been delivered it became necessary for one of the matrons to take them over to the main building for fingerprinting and photographing.

She placed them, unshackled, in a prison car for this purpose and started across the public highway which separates the women's section from the main building. At this time defendants overpowered the matron, forced her out of the car and drove off. A short time later, after a strenuous and high speed pursuit on the highway, they were recaptured and returned to prison custody. This prosecution followed.

There is no showing that at the time these defendants were taken to the prison the deputy sheriff taking them had a certified or any copy of their sentences, nor that any such copy or purported copy was delivered to the prison authorities with the defendants. There is further an affirmative showing made by defendants that the filing stamp on the written sentence signed by the judge in the Smith case is March 22, 1966 and on the Stelzriede written sentence the date is March 7, 1966. Defendants contend that no valid sentences were in existence at the time that they were removed to the penitentiary.

Rule 327 of the Rules of Criminal Procedure, 17 A.R.S. defines sentence as:

"The term sentence as used in these Rules means the pronouncement by the court of the penalty imposed on the defendant upon acceptance of a plea of guilty, or upon a verdict of guilty or a finding of guilty by the court."

■ It is to be noted that neither this rule nor any other rule requires that a written document be signed by a judge in order to constitute a sentence.

■ This was briefly discussed in Anderson v. State of Arizona, 54 Ariz. 387, 390, 96 P.2d 281, 283, 126 A.L.R. 501 (1939) in which the court said:

"An examination of sections 5104, 5111, 5115, R[evised] C[ode of] 1928, is convincing that the judgment in a criminal case must be rendered in open court and entered upon the minutes of the court, and that no other written judgment is required. A certified copy of the minute entry is the only instrument needed to justify the proper authorities of the state prison in receiving and holding a defendant until his sentence has expired or he is otherwise released according to law."

The Rules of Criminal Procedure adopted in 1955 did not change this matter.

■ This court knows that it is the actual practice in Arizona for the judges in criminal cases to sign a written sentence and for a certified copy thereof, bearing the name of the judge, to be forwarded to the penitentiary. This is an excellent and commendable practice but it is not essential to validity.

Rule 340 provides as follows:

"A. When a sentence other than of death has been pronounced, a certified copy of the entry thereof shall be forthwith furnished to the officer whose duty it is to execute the sentence, and no other warrant or authority is necessary to justify or require its execution.

"B. If the sentence is for imprisonment in the state prison, the sheriff of the county shall upon receipt of a certified copy thereof take and deliver the defendant and such certified copy to the superintendent of the state prison, and obtain from the superintendent a receipt for the defendant."

There are many reasons why a certified copy of the sentence should accompany the defendant to the prison and this court disapproves the practice followed in this case. The sheriff should wait until he has a certified copy of the sentence in his hands before moving the prisoner, and the superintendent of the prison should not accept the prisoner without such a copy. In this way mistakes which might have serious consequences for all involved can be avoided.

The rule requires that the certified copy be given to the sheriff immediately. The clerk can prepare at once a copy of his minutes and give this to the sheriff. If, as is the common practice, the judge is going to sign a written form of sentence for filing with the clerk, it likewise can be prepared at once, signed and a copy given to the sheriff promptly. Either way the sheriff can have the copy in his hands the same day the sentence is pronounced.

However, the problem presented to this court is whether the grave irregularity that occurred in this case rendered the imprisonment so far unlawful that the defendants cannot be punished for escaping therefrom.

Defendants rely strongly on the case of State of Kansas v. Hollon, 22 Kan. 580 (1879). This case does tend to support their position, however, it deals with the validity of an information under rules of interpretation applied in criminal cases nearly one hundred years ago. Also cited by defendants is the case of Saylor v. Commonwealth, 122 Ky. 776, 93 S.W. 48 (1906). An escape conviction was reversed because no sentence of imprisonment had been *pronounced*. The opinion stated:

"The mere verbal directions of the circuit judge to the jailer are not sufficient to warrant a conviction under the statute. There must be either an order of court, entered on the order book, or a mittimus, or some appropriate writ, warranting the jailer in receiving and holding the prisoners, such as he could produce and rely upon in response to a writ of habeas corpus." 93 S.W. at 49.

In both of the cases at bar such a sentence had been in fact pronounced.

In order to convict a person under A.R.S. § 13–392, as it then existed, in addition to the fact of escape or attempted escape from the prison, it need only be shown that he is "A prisoner confined in the state prison for a term less than life * * *." There can be no question that both women involved in these cases did escape from the prison and at the time of such escape were prisoners confined therein. The evidence further shows that previous to such confinement each had been sentenced by the superior court of Maricopa County to a term less than life. This is sufficient.

This court quotes with approval from the opinion of the Supreme Court of the State of Washington in State v. Hatfield, 66 Wash. 9, 118 P. 893, 38 L.R.A.,N.S., 609 (1911):

"Whatever merit there might be in a contention of this nature, if we were dealing with the authority by which an officer held a defendant who is merely charged with crime, we think such a contention cannot be successfully maintained in this case, where we have a final judgment of a court of general jurisdiction, authorizing the detention and imprisonment. It has been generally held that a defendant imprisoned, in the custody of a proper officer, under a conviction by a court of general jurisdiction will not be released upon habeas corpus, merely because of a defective commitment in the hands of such officer, when the judgment of conviction authorizes such imprisonment. This view is rested upon the theory that, when a valid final judgment of imprisonment is rendered against a defendant, that judgment becomes the real authority for such imprisonment, and the commitment, which under our law is merely a certified copy of the judgment, is only evidence of such authority. Surely a certified copy of such a judgment is no higher evidence of an officer's authority to act thereunder than the judgment itself." 118 P. at 894.

The judgments and sentences of the superior court of Pinal County and the order denying the motions for new trial are affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge JOHN A. McGUIRE was called to sit in his stead and participate in the determination of this decision.