IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

MAY 20 2013

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,                )
                                     )        2 CA-CR 2012-0006
                      Appellee,      )        DEPARTMENT A
                                     )
           v.                        )        O P I N I O N
                                     )
BRADY WHITMAN JR.,                   )
                                     )
                      Appellant.     )
                                     )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20110393001

Honorable Christopher C. Browning, Judge
Honorable Howard Fell, Judge Pro Tempore

AFFIRMED

Thomas C. Horne, Arizona Attorney General
  By Joseph T. Maziarz and David A. Sullivan                        Tucson
                                                       Attorneys for Appellee

Isabel G. Garcia, Pima County Legal Defender
  By Scott A. Martin                                                 Tucson
                                                      Attorneys for Appellant

E C K E R S T R O M, Presiding Judge.

¶1 Following a jury trial, appellant Brady Whitman Jr. was convicted of four counts of aggravated driving under the influence. The trial court sentenced him to concurrent terms of four months' incarceration, pursuant to A.R.S. § 28-1383(D), and five years' probation. Although the state has challenged the timeliness of this appeal, we hold that a criminal defendant's notice of appeal is timely if it is filed within twenty days of the filing of the minute entry that contains the judgment and sentence. The present appeal, therefore, has been properly taken. As to the merits of Whitman's appeal, we find no error in the court's ruling on his suppression motion, and we consequently affirm his convictions and disposition. We set forth the facts below as they relate to each issue discussed.

**Jurisdiction**

¶2 Whitman was sentenced on December 7, 2011. The minute entry documenting this event was filed two days later, on December 9. He filed his notice of appeal on Wednesday, December 28.

¶3 The state argues, and Whitman originally conceded, that his notice of appeal was filed one day after the twenty-day deadline provided by Rule 31.3, Ariz. R. Crim. P. This argument presumes that the time for filing a notice is measured from the date of sentencing. If this contention were true, and if no other exception applied, we would be forced to dismiss the appeal as untimely due to a lack of jurisdiction. *See State v. Littleton*, 146 Ariz. 531, 533, 707 P.2d 329, 331 (App. 1985) ("The filing of a timely notice of appeal is essential to the exercise of jurisdiction by this court."); *see also State v. Johnson*, 78 Ariz. 211, 212-13, 277 P.2d 1020, 1021-22 (1954). Since we ordered

2

supplemental briefing on the issue, however, Whitman has changed his position and now maintains the date the minute entry was filed, rather than the date of oral pronouncement, is relevant to determining timeliness under Rule 31.3.

¶4 A threshold question we must decide is how to measure the time for filing a notice of appeal. Article II, § 24 of the Arizona Constitution guarantees a criminal defendant the right to appeal. As the right has been codified by statute, a defendant may appeal from a "final judgment of conviction" or a "sentence . . . that is illegal or excessive." A.R.S. § 13-4033(A)(1), (4). Rule 31.3 provides that "[t]he notice of appeal shall be filed with the clerk of the trial court within 20 days after the entry of judgment and sentence." Our rules specify that probation is included within the definition of the word "sentence" for appellate purposes. Ariz. R. Crim. P. 26.1 cmt.; *State v. Fuentes*, 26 Ariz. App. 444, 446-47, 549 P.2d 224, 226-27, *approved*, 113 Ariz. 285, 551 P.2d 554 (1976). The rules do not, however, expressly state when the "entry of judgment and sentence" occurs. In fact, they present a daunting ambiguity regarding the time for taking an appeal.

¶5 We interpret court rules using principles of statutory construction. *Chronis v. Steinle*, 220 Ariz. 559, ¶ 6, 208 P.3d 210, 211 (2009). Our goal when construing a rule is to give effect to the rule-makers' intent. *Id.* "To ascertain that intent, we examine 'the rule's context, the language used, the subject matter, the historical background, the effects and consequences, and its spirit and purpose.'" *Id.*, *quoting State v. Aguilar*, 209 Ariz. 40, ¶ 23, 97 P.3d 865, 872 (2004). We undertake this review de novo. *State ex rel. Thomas v. Newell*, 221 Ariz. 112, ¶ 7, 210 P.3d 1283, 1285 (App. 2009).

3

¶6　　　　We find substantial support in Arizona law for Whitman's view that the "entry" of judgment and sentence occurs, for the purposes of Rule 31.3, when the clerk of the court files the minute entry documenting the judgment and sentence. In the past, the time for taking an appeal was provided by statute and was measured from the "rendition" of judgment. Ariz. Rev. Code, § 5138 (1928); Ariz. Pen. Code, § 1043 (1901). Then, as now, the rendition of judgment occurred upon pronouncement by the judge. *See* Ariz. R. Crim. P. 26.2(b), 26.10; Ariz. Rev. Code § 5104 (1928); *see also Black v. Indus. Comm'n*, 83 Ariz. 121, 128, 317 P.2d 553, 557 (1957) (Struckmeyer, J., dissenting) ("[P]ronouncement is . . . universally accepted as the rendition of judgment."); *Moulton v. Smith*, 23 Ariz. 319, 321, 203 P. 562, 563 (1922) ("[T]he term 'rendering judgment' . . . mean[s] the act of the court in announcing its final determination of . . . the action."); *State v. Madrid*, 9 Ariz. App. 207, 209, 450 P.2d 719, 721 (1969) ("Rendition of judgment is . . . pronouncement by the court of its decision.").

¶7　　　　Our appellate procedure changed in 1940, when our newly enacted criminal rules measured the time for an appeal from the date that a judgment or sentence was "entered" of record. Ariz. Code Ann., § 44-2509 (1939) (former § 420, Rules of Criminal Procedure); *see* Ariz. Code Ann., §§ 44-2223, 44-2551 (1939). The "[e]ntry of judgment is a ministerial act required to be done by the clerk of the court as distinguished from the judicial act of pronouncing judgment." *Madrid*, 9 Ariz. App. at 209, 450 P.2d at 721; *accord Black*, 83 Ariz. at 128-29, 317 P.2d at 557-58 (Struckmeyer, J., dissenting); *Moulton*, 23 Ariz. at 321-22, 203 P. at 563; *Black's Law Dictionary* 613 (9th ed. 2009) (defining "entry of judgment" as "[t]he ministerial act of recording a court's final

4

decision, usu. by noting it in a judgment book or civil docket"). Despite other changes to the rules since 1940, the specific provision governing the time for taking an appeal has continued to identify the "entry" of judgment and sentence as the operative event. *See* Ariz. R. Crim. P. 31.3, 17 A.R.S. (1973); Ariz. R. Crim. P. 348, 17 A.R.S. (1956).

¶8 For much of our state's history, therefore, we have expressed the view that "[i]n criminal matters, the judgment is complete, valid and appealable only when it is orally pronounced in open court [a]nd entered on the clerk's minutes." *State v. Rendel*, 18 Ariz. App. 201, 205, 501 P.2d 42, 46 (1972); *see State v. Falkner*, 112 Ariz. 372, 373, 542 P.2d 404, 405 (1975). More recent cases have echoed this principle. *See, e.g.*, *State v. Bolding*, 227 Ariz. 82, ¶ 13, 253 P.3d 279, 284 (App. 2011) ("A judgment of conviction is final only when a verdict has been rendered, whether by jury or the trial court after a bench trial, and sentence has been 'orally pronounced in open court and entered on the clerk's minutes.'"), *quoting State v. Glasscock*, 168 Ariz. 265, 267 n.2, 812 P.2d 1083, 1085 n.2 (App. 1990); *State v. Perez*, 172 Ariz. 290, 292, 836 P.2d 1000, 1002 (App. 1992) ("Judgment is not final until it is orally pronounced and entered in the court's minutes.").

¶9 To this day, the "entry" of judgment occurs for the purpose of determining the timeliness of civil appeals when the document is "file-stamped by the clerk." *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, ¶ 10, 189 P.3d 1114, 1118 (App. 2008); *see* Ariz. R. Civ. App. P. 8(a), 9(a); Ariz. R. Civ. P. 58(a). Similarly, in cases involving the severance of parental rights, the "entry" of the juvenile court's order concludes the proceeding, A.R.S. § 8-538(A), and the time for taking an appeal is

consequently measured from the date "the final order is filed with the clerk." Ariz. R. P. Juv. Ct. 104(A). Ordinarily, the term "entry" means "[t]he inclusion or insertion of an item, as in a record"; the word also refers to "an item entered in this way." *The American Heritage Dictionary* 596 (5th ed. 2011); *see Rivera-Longoria v. Slayton*, 228 Ariz. 156, ¶¶ 17-18, 264 P.3d 866, 869 (2011) (using dictionary to provide ordinary meaning of language in rule). In these other contexts, therefore, the term "entry" retains its usual clerical sense.

¶10 Rule 26.16(b), Ariz. R. Crim. P., provides that the "court or person authorized by the court shall forthwith enter the exact terms of the judgment and sentence in the court's minutes." A "minute entry" is defined as a "memorialization . . . either by form or narrative of events occurring during a court proceeding," and it includes "all official acts occurring during the proceeding." Ariz. R. Sup. Ct. 125(a). Accordingly, the timeliness of criminal appeals, like ordinary civil appeals, would appear to depend on the entry of the relevant document, meaning the date the minute entry is filed, and not the date of judicial pronouncement.

¶11 A contrary interpretation, however, finds at least equal support in the law. As noted, Rule 31.3 measures the time for taking an appeal from "the entry of judgment and sentence." Rule 26.16(a), which is entitled "Entry of Judgment and Sentence," provides that "[t]he judgment of conviction and the sentence thereon are complete and valid as of the time of their oral pronouncement in open court." The title of a rule, no less than that of a statute, may be instructive when determining the intended meaning of an ambiguous provision. *See State v. Box*, 205 Ariz. 492, ¶ 11, 73 P.3d 623, 627 (App.

6

2003). In addition, Rule 35.6, Ariz. R. Crim. P., implies that certain orders in criminal cases will be "ent[ered] . . . in open court." And Rule 31.8(b)(2)(iii) requires a court reporter to provide a certified transcript of the "entry of judgment and sentence," suggesting such an "entry" occurs in open court during oral pronouncement.

¶12 It has long been held that the oral pronouncement of a sentence controls over the minutes or written judgment, *State v. Jefferson*, 108 Ariz. 600, 601, 503 P.2d 942, 943 (1972); *State v. Johnson*, 108 Ariz. 116, 118, 493 P.2d 498, 500 (1972), and that judgment and sentence are final upon oral pronouncement, with changes generally prohibited thereafter. *State v. Thomas*, 142 Ariz. 201, 204, 688 P.2d 1093, 1096 (App. 1984); *see Falkner*, 112 Ariz. at 374, 542 P.2d at 406 (holding trial court lacks inherent authority to modify sentence); *see also* Ariz. R. Crim. P. 24.3 (specifying grounds and time for modification of sentence). So there is ample reason to regard the pronouncement of a sentence as the final event that gives rise to an appeal.

¶13 Moreover, under our modern rules of criminal procedure, sentencing can occur only with the defendant present in court, absent extraordinary circumstances. *State v. Fettis*, 136 Ariz. 58, 664 P.2d 208 (1983); *see* Ariz. R. Crim. P. 26.9. The primary reason for sentencing defendants in person is to ensure they are informed of their right to appeal, as required by Rule 26.11. *See* Ariz. R. Crim. P. 26.9 cmt.; *Fettis*, 136 Ariz. at 59, 664 P.2d at 209. Notably, the recommended form that defendants receive regarding this right instructs them as follows:

> 1. You must file a NOTICE OF APPEAL . . . within 20 days of the entry of judgment and sentence. If you do not file a notice of appeal within 20 days you will lose your right

to appeal.  *The entry of judgment and sentence occurs at the time of sentencing*.

>  2. . . . You can file the notice of appeal before you leave the courtroom on the day you are sentenced if you wish.

>  3. . . . [The notice of appeal and documents related to appointment of counsel] must arrive at the clerk's office within 20 days after you were sentenced.

Ariz. R. Crim. P. 41, Form 23 (emphasis added).  This advisory is deemed "sufficient to meet the requirements of the[] rules," Ariz. R. Crim. P. 41, including the requirement that defendants receive "written notice of . . . the procedures the[y] . . . must follow to exercise" their right of appeal.  Ariz. R. Crim. P. 26.11(c).

¶14   When construed together, as rules must be, *State v. Treadway*, 88 Ariz. 420, 421, 357 P.2d 157, 158 (1960), these provisions suggest that for criminal appeals, the "entry" of judgment and sentence occurs—and the time for filing a notice of appeal begins to run—once a sentence is pronounced in open court, not when the minute entry documenting that event is prepared or filed.  We therefore find compelling support in our law for the conclusion that "[e]ither route, sentence or suspended sentence and probation, is final and appealable at the time of its 'pronouncement' by the court."  *Burton v. Superior Court*, 27 Ariz. App. 797, 800, 558 P.2d 992, 995 (1977).

¶15   The foregoing demonstrates that the meaning of Rule 31.3, like past rules of criminal procedure, is "[a]dmittedly . . . not clear."  *Fettis*, 136 Ariz. at 58, 664 P.2d at 208.  This lack of clarity first arose in the early 1970s when our supreme court modified a proposed rule from its advisory committee on criminal rules.  The committee's proposed

8

Rule 29.16—the draft version of what later became Rule 26.16—provided, in part, as follows:

> a. <u>Entry of Judgment and Sentence</u>. The notation of the exact terms of the judgment and sentence by the clerk in the docket shall constitute the entry of judgment and sentence.
>
> b. <u>Warrant of Authority</u>. When sentence has been pronounced, a certified copy of the entry of judgment and sentence shall be signed by the sentencing judge and furnished forthwith to the appropriate officer. No other warrant or authority is necessary to justify or require the execution of any sentence other than death.

Arizona State Bar Committee on Criminal Law, *Arizona Proposed Rules of Criminal Procedure*, at 132 (1972) (hereinafter *Proposed Rules*). The committee's comment to subsection (a) explained that "[t]he date of the entry of judgment and sentence is the point from which the 20-day time limit for filing a notice of appeal is measured." *Id.* The comment further stated: "This section is derived from Fed. R. App. P. 36." *Proposed Rules*, at 132.

¶16 By partially rejecting and modifying this proposed rule, our supreme court may have evinced an intention to make appellate deadlines determined by pronouncement rather than entry. *See Falkner*, 112 Ariz. at 374, 542 P.2d at 406 (noting court's rejection of proposed rule may signify disapproval thereof). But the actual language the court adopted in the rules does not clearly demonstrate the same intent. When the court promulgated the modern Rule 26.16(a), it provided: "The judgment of conviction and the sentence thereon are complete and valid as of the time of their oral pronouncement in open court." Ariz. R. Crim. P. 26.16(a), 17 A.R.S. (1973). Thus, the

9

court removed the "shall constitute" language supplying the definition of "entry," and it omitted any reference to the time for filing a notice of appeal or to the federal rules. The court also adopted, without any substantive change, the committee's other proposed rule (now Rule 31.3) providing the "entry" of judgment and sentence as the benchmark for filing a notice of appeal. *See* Ariz. R. Crim. P. 31.3, 17 A.R.S. (1973); *Proposed Rules*, Rule 34.3 at 147. The court likewise adopted the committee's proposed form (now Form 23) advising defendants that "[t]he entry of judgment and sentence occurs at the time of sentencing" and that they could file a notice of appeal before leaving the courtroom where they had been sentenced. Ariz. R. Crim. P. Form 23, 17 A.R.S. (1973); *see Proposed Rules*, app. Form XXVII(a). In addition, the court modified and transferred language from the committee's proposed Rule 29.16(a) into Rule 26.16(b), requiring "[t]he clerk of the court" to "enter the exact terms of the judgment and sentence in the court's minutes." Ariz. R. Crim. P. 26.16(b), 17 A.R.S. (1973).

¶17        With this last alteration, Rule 26.16(b) came to share the term "enter" with Rule 31.3. The meaning and discrete functions of Rule 26.16's subsections thereby became obscured. And any distinguishing features of the new procedural rules became easily overlooked. *See* Ariz. R. Crim. P. 325, 17 A.R.S. (1956) ("When judgment of guilty has been rendered, the court shall pronounce sentence in open court and it shall be entered of record."). Confusion surrounding the "entry" of judgment and sentence was only compounded by the later amendment of Rule 26.16(b), which allowed the court, not merely the clerk, to undertake the ministerial duty of entering terms in the minutes. 174 Ariz. LXXXVIII (1993).

10

¶18 Despite outward appearances, Rule 26.16(b) does not actually concern appeals. Under this provision, a signed, certified copy of the minutes containing the judgment and sentence must be "furnished to the appropriate officer." *Id.* The purpose of this document is to provide "the evidence necessary to carry into execution any sentence" and to allow a sheriff "to require that the prisoner be accepted by the Department of Corrections." *Dupnik v. MacDougall*, 136 Ariz. 39, 43, 664 P.2d 189, 193 (1983). In other words, the document serves as evidence of lawful custody of a defendant and as proof of authority to execute his sentence. *See generally State v. Smith*, 6 Ariz. App. 393, 395-96, 433 P.2d 44, 45-46 (1967) (discussing predecessor rule and former statutes). Yet the language of Rule 26.16(b) now suggests that the "entry" of a judgment and sentence on the court's "minutes," or on some other document,[1] might be the critical event when determining the time for appeal. With enough research, perhaps, such misperceptions may be dispelled. But the effect of the rule changes in 1973 was to create uncertainty as to whether the "entry" of a criminal judgment and sentence means "pronouncement," which is precisely what entry has been distinguished from in the past, and still is in other contexts.

¶19 This lack of clarity undermines the very purpose of Rule 31.3. "'[D]eterminable and speedy finality is an important constitutional and public policy

---

[1]Here, as the state points out, the trial court signed and entered a separate "commitment order" at sentencing that summarized Whitman's judgment and disposition. This document clearly was generated to comply with Rule 26.16(b). We also note that the criminal rules expressly refer to a "sentencing order," Ariz. R. Crim. P. 26.10(b)(6), and a "sentencing document or order." Ariz. R. Crim. P. 26.10(b)(5).

11

consideration in favor of defendants in criminal prosecutions." *State ex rel. Neely v. Rodriguez*, 165 Ariz. 74, 78, 796 P.2d 876, 880 (1990). The lack of clarity also impairs the notice given to those who wish to exercise their constitutional right to appeal, counteracting the specific purpose of Rule 26.11, as well as the general purposes of the criminal rules. Those rules are designed to provide "simplicity in procedure, fairness in administration, the elimination of unnecessary delay and expense, and to protect the fundamental rights of the individual." Ariz. R. Crim. P. 1.2.

¶20        As our dissenting colleague points out, and as our above analysis confirms, there is a compelling argument for interpreting the present rules as requiring a notice of appeal to be filed within twenty days of the pronouncement of sentence, not the filing of a sentencing minute entry. Yet the fact remains that the language of the respective rules points in different directions.[2] While we certainly could construe the 1973 criminal rules and forms as adopting a unique meaning of "entry" that departs from the ordinary and historic meaning of the term, doing so would bar many prompt appeals, such as the one here; it would leave in place a legal trap; and it would needlessly disrupt our court system with requests for delayed appeals under Rule 32.1(f), Ariz. R. Crim. P. We find no

---

[2]By maintaining the rules and forms are "plain" and "unambiguous," *infra* ¶ 41, we believe the dissent fails to acknowledge that the term "entry" (or its equivalent verb "enter") is used in two distinct senses in the criminal rules. Entry is distinguished from pronouncement in Rule 26.16(b) and refers, as it ordinarily does, to the act of placing something in a document. *See* Ariz. R. Crim. P. 26.16(b) ("The court . . . shall forthwith enter the exact terms of the judgment and sentence in the court's minutes."); *American Heritage Dictionary* 596 (illustrating term "entry" with example "an entry in the ledger") (emphasis omitted). In Rule 31.8(b)(2)(iii), by contrast, entry seems to be equated with oral pronouncement. Understanding the meaning of "entry" in Rule 31.3, therefore, requires more than a grasp of the English language; it requires that a person interpret and harmonize our various rules and forms.

evidence that our supreme court intended such disruption or delay, nor do we believe the court intended to penalize defendants or even diligent attorneys for their failure to discern the meaning of confusing and seemingly contradictory rules and forms. *See* Ariz. R. Crim. P. 1.2 (stating rules "intended to provide for the just, speedy determination of every criminal proceeding"); *cf. In re Maricopa Cnty. Juv. Action No. JS-8441*, 174 Ariz. 341, 343, 849 P.2d 1371, 1373 (1992) (reinstating appeal on grounds of "fundamental fairness" when court procedures "not intuitively obvious to general users of the system"); *State v. Schroeder*, 95 Ariz. 255, 259, 389 P.2d 255, 257 (1964) (observing that under certain circumstances, "dismissal for slight delay in filing criminal appeals seems inconsonant with sound policy and fundamental justice").

¶21    To be sure, the optimal solution to this problem would come from our supreme court exercising its rule-making authority and amending the rules to remove all ambiguity concerning the time for taking a criminal appeal. *See Craig v. Craig*, 227 Ariz. 105, ¶ 15, 253 P.3d 624, 626 (2011) (noting significant changes to procedural rules should occur by rule-making rather than decision). "In the best of all worlds, all judgments or orders from which appeals lie in any kind of case would be clear and free of confusion." *Maricopa Cnty. No. JS-8441*, 174 Ariz. at 342-43, 849 P.2d at 1372-73. In the meantime, however, we take guidance in resolving this problem from the precedent set by *State v. Brown (Brown I)*, 23 Ariz. App. 225, 532 P.2d 167 (1975), which our supreme court affirmed and approved in *State v. Brown (Brown II)*, 112 Ariz. 29, 32, 536 P.2d 1047, 1050 (1975).

13

¶22 There, the court faced the question of whether defendants who had been sentenced after revocation of probation were entitled to appeal. *Brown II*, 112 Ariz. at 30, 536 P.2d at 1048. The court described the relevant rules as being unclear due to a likely "'inadvertent comment holdover'" in the overhauled 1973 rules, which made the defendant "'face[] . . . a confusing situation'" regarding his appellate rights. *Id.* at 31, 536 P.2d at 1049, *quoting Brown I*, 23 Ariz. App. at 228, 532 P.2d at 170. Ultimately, the court gave the defendant the benefit of this confusion, holding "'both remedies[, appeal or post-conviction relief,] should remain alternatively available to him'" until amendments to the rules could take effect and remove the inconsistency. *Id.*, *quoting Brown I*, 23 Ariz. App. at 228, 532 P.2d at 170.

¶23 As in *Brown*, we hold that under Rule 31.3, the timeliness of a criminal defendant's appeal may be measured from the date when the minute entry containing the judgment and sentence was filed.[3] *Cf. Maricopa Cnty. No. JS-8441*, 174 Ariz. at 342-43, 849 P.2d at 1372-73 (measuring "entry" of severance order from later date filed by clerk). Because Whitman's appeal is timely under this standard, we need not, and do not, address the question he originally raised concerning the application of the mailing provision in Rule 1.3(a), Ariz. R. Crim. P.

¶24 To the extent our dissenting colleague disagrees with our basic proposition that "'well-informed persons may reasonably disagree as to [the] meaning'" of the rules of criminal procedure on the question of the time for taking an appeal, *Higginbottom v.*

---

[3]In so holding, we do not suggest a defendant must wait for a sentencing minute entry to file a notice of appeal. An appeal taken within twenty days from the date of sentencing is timely under Rule 31.3, as Form 23 indicates.

14

*State*, 203 Ariz. 139, ¶ 13, 51 P.3d 972, 975 (App. 2002), *quoting* 2A Norman J. Singer, *Statutes and Statutory Construction* § 45.02, at 17 (6th ed. rev. 2000), we believe it necessary to further discuss some of the dissent's reasoning concerning Form 23, the supreme court's rule changes in 1973, and Rule 26.16(a).

¶25        Although the dissent suggests that our supreme court has, through Rule 41, essentially ratified its interpretation of Form 23 and defined "entry" as "pronouncement," *see infra* ¶¶ 55-56, this argument overlooks that the language of Form 23 came from the 1972 advisory committee. *See Proposed Rules*, app. Form XXVII(a). As noted above, the committee's proposed rules unambiguously measured the time for an appeal from the clerical entry of judgment and sentence. *Proposed Rules*, Rule 29.16(a) and cmt. at 132. Thus, the form could not have been intended by its drafters to alter the then-traditional manner of counting the time for filing a notice of appeal. Although the committee's proposed form advised defendants "[t]he entry of judgment and sentence occurs at . . . sentencing" and that they could "file the notice of appeal before . . . leav[ing] the courtroom," *Proposed Rules*, app. Form XXVII(a), this does not necessarily indicate any inconsistency on the committee's part regarding the time for taking an appeal; it simply reflects an assumption that clerical entry would follow the oral pronouncement "forthwith" and would likely occur by the time the sentencing hearing had concluded. *Proposed Rules*, Rule 29.16(b) at 132. Indeed, the rules elsewhere show that a similar advisory was already a part of the superior courts' "current practice." Ariz. R. Crim. P. 26.11 cmt. And to the extent that practice conformed to the express rules then in existence, it would entail informing defendants that the time for an appeal was measured

from the entry of the judgment upon the minutes. *See* Ariz. R. Crim. P. 325, 348, 17 A.R.S. (1956). Accordingly, Form 23, when promulgated, did not necessarily represent any departure from prior appellate procedure, and it is not especially probative on the question here.[4]

¶26 Moreover, the 1973 rule changes, to the extent they amended the committee proposals, do not necessarily convey the meaning the dissent presumes. Although it could well be that our high court intended Rule 26.16(a) to provide a definition of "entry of judgment and sentence" to be used throughout the rules of criminal procedure for timing purposes, it is also plausible that the court intended Rule 26.16(a) to address only the distinct topic of the "complete[ness] and valid[ity]" of a sentence upon oral pronouncement, as the text of this provision indicates. By changing the advisory committee's proposed rule and amending the comments thereto, the supreme court could have been motivated exclusively by an intent to (1) provide finality and prohibit modifications of a sentence after oral pronouncement, which was one of the court's express goals noted in *Falkner*, 112 Ariz. at 374, 542 P.2d at 406; and (2) ensure that the validity of a sentence could not be questioned on technical grounds. *See Moore v. State*, 55 Ariz. 43, 47-48, 97 P.2d 925, 927 (1940) (rejecting challenge to judgment and sentence based on lack of signed judgment entered contemporaneously with sentence);

---

[4]We further note that Rule 41 was adopted by our supreme court in 2007, *see* Ariz. Sup. Ct. Order No. R-03-0029 (Sept. 25, 2007), *correcting* Ariz. R. Sup. Ct. Order No. R-03-0029 (Sept. 5, 2007), decades after Form 23 originally was promulgated. Insofar as the rule abrogated and reenacted the prior Form 23 with only minor stylistic changes related to noncapital sentencing, *see* Ariz. Sup. Ct. Order No. R-03-0029, 1, 5 (Sept. 25, 2007), Rule 41 does not shed any light on the meaning of the 1973 rule changes.

*Smith*, 6 Ariz. App. at 394-95, 433 P.2d at 45-46 (rejecting claims by escaped prisoners "that no valid sentences were in existence" due to lack of signed sentencing documents). Thus, this construction of the supreme court's intent in modifying the committee's original language finds support not only in the supreme court's own subsequent description of its goals, *see Falkner*, 112 Ariz. at 374, 542 P.2d at 406, but also in the language of the rule, as amended, which expressly addresses only completeness and validity. The language of Rule 26.16 is silent on the question of appellate timing.

¶27        The dissent correctly observes that the supreme court's amendments to the committee's recommendations also included deleting a portion of the comment that had expressly addressed the topic of appellate timing. *Infra* ¶ 56. The dissent therefore draws the inference that the supreme court necessarily intended to reject the understanding of appellate timing conveyed by the committee's comment: that timing should run from the clerical act of entry. *See id.* But the dissent overlooks that there are other equally plausible inferences to be drawn from the deletion and that edits to a comment do not necessarily convey disagreement with the content of the deleted material. For instance, the court might have deleted the comment simply because, given its edits to the language of Rule 26.16(a) itself, that provision no longer related to appellate timing. The court also might have removed the comment precisely to prevent Rule 26.16(a) from being understood as addressing appellate timing. Moreover, the change might have been motivated to discourage comparisons to federal law of any kind; the court might have viewed federal law as redundant or irrelevant given that Rule 31.3 facially conformed with Arizona's own long-standing approach to measuring time.

17

¶28     Perhaps most importantly, had the supreme court formulated a clear intent to depart from Arizona's established practice of counting time from the clerical entry of judgment, it seems unlikely the court would have attempted to convey that intent by deleting a committee comment—an action that would not be apparent to litigants either from the adopted text or comments.  Instead, the court left Rule 31.3—the provision that expressly addresses appellate timing—unaltered from the committee's draft.  And, in the comment to Rule 31.3, the court acknowledged only one change from the prior Rule 348: a reduction in the time for appeal from sixty to twenty days.  Thus, to the extent we focus on the content of comments to the rules, the court's intentions remain ambiguous.

¶29     Although the dissent also looks to the heading of Rule 26.16(a) as evidence that it serves as a definitional provision, *infra* ¶¶ 46-47, this argument essentially concedes our point regarding ambiguity.  We have said that "section headings, notes, and comments do not constitute substantive portions of the Rules of Criminal Procedure." *State v. Bernecker*, 164 Ariz. 200, 201, 791 P.2d 1083, 1084 (App. 1990).  Furthermore, it is a general principle of construction that "headings and titles are not meant to take the place of the detailed provisions of the text," and they are to be used by courts "[f]or interpretative purposes . . . only when they shed light on some ambiguous word or phrase." *Bhd. of R.R. Trainmen v. Balt. & O.R. Co.*, 331 U.S. 519, 529 (1947).  Had our supreme court intended to change our then-traditional procedure for measuring the time for appeal, and had the court intended to define "entry" in a way that is inconsistent with past and present uses of the term, we believe the court would have done so in a clear definitional provision of the type exhibited in Rule 26.1.  Moreover, had the court

intended for Rule 26.16(a) to constitute a comprehensive definition of the phrase "entry of judgment" applicable to all sections of the rules of criminal procedure, we think it unlikely that it would have described entry of judgment in its clerical sense in Rule 26.16(b).

¶30　　　　But rather than engaging in "speculation" about the reason for the ambiguity in the rules—or the supreme court's likely intention with the 1973 changes—we simply follow the precedent set by *Brown I*, 23 Ariz. App. at 228, 532 P.2d at 170, and approved by our supreme court in *Brown II*, 112 Ariz. at 32, 536 P.2d at 1050.  As with the *Brown* decisions, we anticipate that our opinion today will result in functional efficiency rather than chaos within the judicial system.  Far from disregarding the undisputed authority of our supreme court to promulgate rules, we tread lightly in attempting to divine the supreme court's intent when such intent has not been clearly expressed.

### Motion to Suppress

¶31　　　　Turning to the merits of Whitman's appeal, he argues the trial court erred in denying his motion to suppress because his automobile stop was unconstitutional under the Fourth Amendment to the United States Constitution.  "When reviewing a suppression order entered after a hearing, we consider only the evidence presented at the hearing, which we view in the light most favorable to upholding the trial court's order." *State v. Carlson*, 228 Ariz. 343, ¶ 2, 266 P.3d 369, 370 (App. 2011).  Absent an abuse of discretion, we accept a trial court's factual findings, *State v. Fikes*, 228 Ariz. 389, ¶ 3, 267 P.3d 1181, 1182 (App. 2011), but we review de novo its ultimate legal conclusion

regarding the propriety of a stop. *State v. Altieri*, 191 Ariz. 1, ¶ 7, 951 P.2d 866, 867 (1997); *State v. Livingston*, 206 Ariz. 145, ¶ 3, 75 P.3d 1103, 1104 (App. 2003).

**¶32**        "[T]he violation of a traffic law provides sufficient grounds to stop a vehicle." *State v. Acosta*, 166 Ariz. 254, 257, 801 P.2d 489, 492 (App. 1990). In the state's responsive motion below, it presented three alternative bases for finding the traffic stop lawful: Whitman had a malfunctioning stop or signal light, *see* A.R.S. §§ 28-939(A), (B), 28-981(A)(1); he had failed to come to a complete stop at a stop sign, *see* A.R.S. §§ 28-644(A)(1), 28-855(B); and he was driving in the middle of the road, *see* A.R.S. § 28-721.

**¶33**        The police officer who had stopped Whitman offered testimony supporting all three of these allegations. The officer testified, however, that only the broken taillight and the failure to properly observe the stop sign were the violations that had caused him to perform the traffic stop. Whitman presented evidence to refute these two specific traffic violations listed by the officer, but he offered no evidence to rebut the testimony that he had driven improperly in the middle of the road.

**¶34**        Section 28-721(A) provides that "[o]n all roadways of sufficient width, a person shall drive a vehicle on the right half of the roadway." The police officer here testified that the roadway in question had "room for a car to get [by] on each side," but, because Whitman was driving "in the middle of the road," an oncoming car "wouldn't be able to actually pass the vehicle." The trial court credited this uncontroverted testimony and determined this violation provided a sufficient basis for the stop. The record thus

20

supports the court's factual determination and, consequently, its ruling on the motion to suppress.

¶35        Whitman nevertheless argues that the officer did not actually stop him for a violation of § 28-721, and he reasons that because he was not stopped for violating this statute, "the trial court improperly considered that violation to be a justification for the stop." We reject this argument.

¶36        "'[T]he Fourth Amendment requires only reasonable suspicion in the context of investigative traffic stops.'" *State v. Starr*, 222 Ariz. 65, ¶ 12, 213 P.3d 214, 218 (App. 2009), *quoting United States v. Lopez-Soto*, 205 F.3d 1101, 1105 (9th Cir. 2000). "Fourth Amendment reasonableness 'is predominantly an objective inquiry,'" *Ashcroft v. al-Kidd*, ___ U.S. ___, ___, 131 S. Ct. 2074, 2080 (2011), *quoting City of Indianapolis v. Edmond*, 531 U.S. 32, 47 (2000), that "ask[s] whether 'the circumstances, viewed objectively, justify [the challenged] action.'" *Id.*, *quoting Scott v. United States*, 436 U.S. 128, 138 (1978) (second alteration in *al-Kidd*). The analysis "ordinarily involves 'an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time.'" *State v. Jeney*, 163 Ariz. 293, 295, 787 P.2d 1089, 1091 (App. 1989), *quoting Maryland v. Macon*, 472 U.S. 463, 470 (1985). For traffic stops, the test does not depend "on the actual motivations of the individual officers involved," *Whren v. United States*, 517 U.S. 806, 813 (1996), but on whether a reasonable officer in the same circumstances could have stopped the vehicle for the suspected violation. *See id.* at 808. Hence, "a stop is not invalid if there exists a valid,

21

objective reason to make the stop." *State v. Swanson*, 172 Ariz. 579, 582, 838 P.2d 1340, 1343 (App. 1992).

¶37     Contrary to Whitman's argument, a traffic stop that is objectively lawful is not rendered illegal simply because a police officer fails to appreciate or recite the legal ground that supports the action. *See, e.g.*, *United States v. Willis*, 431 F.3d 709, 716-17 (9th Cir. 2005) (upholding stop when officer issued no traffic citations but "could have relied on the traffic violation as a justification for stopping" defendant). A trial court properly may consider all the facts known to an officer when making its independent legal determination as to whether he engaged in "objectively justifiable behavior under the Fourth Amendment." *Whren*, 517 U.S. at 812. Accordingly, the trial court here properly upheld Whitman's stop based on an observed traffic violation. Although an officer's express basis for a traffic stop may be relevant and probative in regard to certain factual questions, a court's constitutional analysis does not depend on the officer's actual or express reasons for the stop. *See Livingston*, 206 Ariz. 145, ¶ 13, 75 P.3d at 1106.

¶38     Furthermore, Whitman's suppression argument finds little support in the rationale behind the exclusionary rule, which aims to deter unlawful police conduct. *See United States v. Calandra*, 414 U.S. 338, 347 (1974); *State v. Pike*, 113 Ariz. 511, 514, 557 P.2d 1068, 1071 (1976); *State v. Washington*, 120 Ariz. 229, 232, 585 P.2d 249, 252 (App. 1978). "The exclusionary rule was designed to deter police misconduct, not objectively reasonable law enforcement activity." *United States v. Cannon*, 264 F.3d 875, 880 (9th Cir. 2001). Excluding evidence based upon an officer's failure to recite a proper basis for an otherwise lawful stop certainly would provide an incentive for officers

22

to know the law and to be thorough and precise when formulating their grounds for a stop. This, in turn, could serve as a prophylactic measure against the constitutional violations that might result from careless police practice. But stretching the exclusionary rule this far would impose a heavy practical burden on law enforcement, and its minimal deterrent effect would come at a high social cost of providing a windfall to guilty defendants. *See Stone v. Powell*, 428 U.S. 465, 490-91 (1976).

**Disposition**

¶39 In sum, we conclude Whitman timely filed his notice of appeal, but we find no error in the trial court's denial of his motion to suppress. We therefore affirm his convictions and disposition.

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Presiding Judge

CONCURRING:

/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge

M I L L E R, Judge, dissenting.

¶40 I respectfully dissent from the conclusion that Whitman timely filed his notice of appeal. Although I would join in the majority's conclusion that the trial court did not err in denying the motion to suppress, I must dissent because I conclude that the pertinent rules are not ambiguous.

23

¶41 The jurisdictional issue is whether the clause "entry of judgment and sentence" is ambiguous when considered in context of the rules of criminal procedure, specifically including Rule 26.16(a), Ariz. R. Crim. P. But the rule's plain statement that judgment and sentence "are complete and valid as of the time of their oral pronouncement in open court," makes the clause unambiguous. Ariz. R. Crim. P. 26.16(a). Entry of judgment and sentence occurs at the time of sentencing and it starts the clock for filing a notice of appeal. *See* Ariz. R. Crim. P. 26.16(a), 31.3, 41, Form 23.

¶42 Equally important, I conclude the majority's opinion effectively adopts the federal rule that the Arizona Supreme Court explicitly rejected in 1973. *Compare* Ariz. R. Crim. P. 26.16(a) and cmt. *with* Arizona State Bar Committee on Criminal Law, *Arizona Proposed Rules of Criminal Procedure*, at 132 (1972) (hereinafter *Proposed Rules*). Additionally, construing the clause in Rule 31.3, Ariz. R. Crim. P., as directed by the majority will cause conflicts and confusion in the interpretation and application of other rules of criminal procedure.

¶43 I would dismiss the appeal for lack of jurisdiction.

**Is there ambiguity in the meaning of "entry of judgment and sentence"?**

¶44 The majority finds ambiguity because Rule 31.3 does not expressly state when "entry of judgment and sentence" occurs. *See supra* ¶ 4. From that starting point, the majority concludes that Rule 31.3 "requires more than a grasp of the English language; it requires that a person interpret and harmonize our various rules and forms." *Supra* ¶ 20 note 2. This conclusion does not give sufficient weight to the use of the

24

clause throughout the rules; it unduly relies upon dicta from several cases; and, it does not accept our supreme court's rule-making decisions made in 1973 and re-affirmed in 2008.

**¶45** The primary goal of rule interpretation is to discern and give effect to the intent of our supreme court in promulgating a given rule. *Chronis v. Steinle*, 220 Ariz. 559, ¶ 6, 208 P.3d 210, 211 (2009). Intent includes its effects and purpose, and the context in which the rule is used. *State v. Aguilar*, 209 Ariz. 40, ¶ 23, 97 P.3d 865, 872 (2004). These rules "are designed to protect the fundamental rights of the individual and to promote simplicity in procedure while eliminating unnecessary delay and expense." *State v. Gomez*, 27 Ariz. App. 248, 251, 553 P.2d 1233, 1236 (1976).

**¶46** Even when a rule is clear, we may examine the rule in the context of other rules and use headings for guidance. *Cf. Pleak v. Entrada Prop. Owners' Ass'n.*, 205 Ariz. 471, ¶¶ 7-8, 73 P.3d 602, 605 (App. 2003) (interpreting subsections to conclude statute governing cities does not apply to unincorporated areas). Thus, we must read Rule 31.3 in the context of other rules of criminal procedure. *State ex rel. Larson v. Farley*, 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970) (related provisions must be construed as though they constituted one law). When considered in the context of the rules as a whole, the definition of entry of judgment and sentence is not limited to Rule 31. *See* Ariz. R. Crim. P. 24.2, 24.3, 30.2, 32.4(a).

**¶47** The issue is definition and timing. Although the clause "entry of judgment and sentence" appears in eight different rules,[5] it generally is used in the same manner as Rule 31.3: it marks the start of a time period. It is only Rule 26.16, however, that presents the clause in its heading to designate its introduction and definition:

> **Rule 26.16 Entry of judgment and sentence; warrant of authority to execute sentence**
>
> a. **Entry of Judgment and Sentence.** The judgment of conviction and the sentence thereon are complete and valid as of the time of their oral pronouncement in open court.

Most important, the text of the rule specifies when judgment and sentence are complete: "as of the time of their oral pronouncement in open court." *Id.*

**¶48** An equally clear statement of entry of judgment and sentence is contained in Form 23. Ariz. R. Crim. P. 41, Form 23. It eliminates legal nominalizations, such as "oral pronouncement," that might not be understood by a lay person and replaces them with a universally understood clause: "[entry] occurs at the time of sentencing."

**¶49** The majority acknowledges that the specific admonition in Form 23 directly contradicts its reading of Rule 26.16, but dismisses its significance as an atavism from 1972. *Supra* ¶ 25. The recent rules petitions and supreme court activity regarding Form 23 do not support this conclusion; rather, they underscore the close scrutiny our supreme court has given to this area.

---

[5]Ariz. R. Crim. P. 24.2, 24.3, 26.16, 30.2, 31.2(b), 31.3, 31.8(b)(2)(iii), and 32.4(a).

26

¶50 In 2003, the Limited Jurisdiction Committee recommended deletion of the forms accompanying the rules of criminal procedure. *See* Amended Petition to Amend Forms Appended to the Rules of Criminal Procedure ("Amended Petition"), No. R-03-0029 (filed Nov. 1, 2006); Arizona Supreme Court Rules Agenda (June 1, 2004). The Arizona Supreme Court deferred action on the petition and created the Criminal Rules Review Committee to review all of the forms to determine if they should be updated. Amended Petition at 2; Arizona Supreme Court Minutes (June 1, 2004). The Committee was comprised of trial judges and criminal law specialists. Amended Petition, Attachment I. After an extensive review and revision of the forms, the Committee recommended retention of the forms for statewide use. *See id.* Of particular significance, Form 23 underwent changes pertaining to capital sentences. *Id.* at 15 and Attachment II. The Committee specifically recommended against "other substantive changes" to Form 23. *Id.* at 15. Certainly, if the Committee believed that the critical sentence—judgment "occurs at the time of sentencing"—was an incorrect statement of law or confusing and contradictory, it would have alerted the supreme court and made an appropriate recommendation. The Committee's recommendations also were reviewed and commented upon by other interested parties, none of whom flagged the sentence as a problem.[6] Finally, the supreme court would have closely reviewed Form 23 as part of its rules petition review process. The supreme court affirmed its intent in 2008, through

---

[6]Arizona Supreme Court Rules Comment Forum, R-03-0029 Petition to Amend the Forms Appended to the Rules of Criminal Procedure, *available at* http://azdnn.dnnmax.com/AZSupremeCourtMain/AZCourtRulesMain/CourtRulesForum Main/CourtRulesForum/tabid/91/view/topic/forumid/3/postid/226/Default.aspx (last visited May 2, 2013).

27

Rule 40 and Form 23, that "entry of judgment and sentence occurs at the time of sentencing." Order Promulgating Rule 40, Ariz. R. Crim. P., and Amending the Forms Appended to Ariz. R. Crim. P. (Sept. 5, 2007) *amended by* Order Correcting a Previous Order Promulgating Rule 40 (Sept. 25, 2007) (changing Rule 40 to Rule 41).

¶51 In summary on this point, I do not believe it necessary to look beyond Rule 26.16(a) and Form 23 to determine when the time for appeal begins to run. *See Xavier R. v. Joseph R.*, 230 Ariz. 96, ¶ 3, 280 P.3d 640, 642 (App. 2012) (plain language of rule best reflection of supreme court's intent in promulgating it; unless rule unclear or ambiguous or result of giving effect to plain language would be absurd, reviewing court "will not employ principles of construction in order to determine the meaning of the rule and the supreme court's intent in promulgating it"). Moreover, the majority's reliance on historical background cannot support or insert a finding of ambiguity where the language itself is unambiguous. *See State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 592, 667 P.2d 1304, 1307 (1983) (prior language of consumer fraud act irrelevant where amended act unambiguous). But, even assuming for the purpose of engaging the majority's argument that the plain language of the rules is insufficient and the admonishment in Form 23 contradicts the rules, neither the 1973 historical changes nor dicta in several post-1973 cases support a conclusion that the Arizona Supreme Court adopted the federal rule.

**The history of the pertinent rules shows the intent of the Arizona Supreme Court to mark the time to appeal from sentencing.**

¶52 The majority is correct that Arizona law before 1973 required oral pronouncement and written entry in the court minutes before the case could be appealed.

28

*See, e.g.*, *State v. Johnson*, 108 Ariz. 116, 118, 493 P.2d 498, 500 (1972); Ariz. R. Crim. P. 325(B), 17 A.R.S. (1956) ("When judgment of guilty has been rendered, the court shall pronounce sentence in open court and it shall be entered of record."). I believe the majority errs, however, when it concludes that more recent criminal cases follow the pre-1973 law to require both oral pronouncement and entry in the clerk's minutes. *See supra* ¶ 8. The language quoted by the majority in each case is dicta that copied wholesale the language of pre-1973 law. *See, e.g.*, *State v. Bolding*, 227 Ariz. 82, ¶ 13, 253 P.3d 279, 284 (App. 2011), *quoting State v. Glasscock*, 168 Ariz. 265, 267 n.2, 812 P.2d 1083, 1085 n.2 (App. 1990), *relying on Johnson*, 108 Ariz. at 118, 493 P.2d at 500, *and State v. Perez*, 172 Ariz. 290, 292, 836 P.2d 1000, 1002 (App. 1992), *relying on Johnson*, 108 Ariz. at 118, 493 P.2d at 500. Each of the post-1973 cases failed to note the dramatic restructuring of the rules of criminal procedure in 1973 and illustrates problems caused by uncritical citation to pre-1973 case law.

¶53 More important, rather than suggesting an ambiguity as the majority argues, the historical context of the rules shows the intent of our supreme court. In 1973, the court abrogated all 367 rules of criminal procedure, replacing them with the current rules. Promulgating Order, 17 A.R.S. Rules of Criminal Procedure at XXX (1973). The 1973 rules were proposed by an Advisory Committee consisting of criminal law practitioners and academics from across the state. *Proposed Rules*, Committee Roster; John M. Greacen, *The Proposed New Rules of Criminal Procedure—A Preview of The State Bar Committee's Convention Presentation*, 7 Ariz. B.J., 11, 11 (Spring 1972). The Advisory Committee was assisted by three full-time attorneys working under a federal grant.

29

Graecen, *supra*, at 11. The mission of the Advisory Committee was to start "from scratch" to reorganize and to make "substantial changes in the nature of the criminal process." *Id.* One set of changes involved sentencing, admonishment of appellate rights, and time for appeals. *Id.* at 17.

¶54        Before 1973, a defendant generally was not required to be present at sentencing. *See* Ariz. R. Crim. P. 235, 17 A.R.S. (1956). But Rule 26.9 mandates the presence of the defendant for sentencing. *See also* Ariz. R. Crim. P. 26.9, 17 A.R.S. (1973). The comment to the rule explains the change was made "because of essential warnings and information regarding appeal required to be given after sentence is pronounced." Ariz. R. Crim. P. 26.9 cmt. Rule 26.11 describes the specific information and warnings to be conveyed to the defendant by the judge. The rule also requires the court to provide the defendant with a written notice of appeal using a form incorporated into the rules. *See* Ariz. R. Crim. P. 26.11(c) and cmt. Form 23, added in 1973, provides in relevant part:

> You have a right to appeal from a final judgment of conviction, from an order denying a post-trial motion, or from a sentence which is illegal or excessive.
>
> In order to exercise this right:
>
> 1. You <u>must</u> file a NOTICE OF APPEAL (Form XXIV(a)) within 20 DAYS of the entry of judgment and sentence. <u>If you do not file a notice of appeal within 20 days you will lose your right to appeal.</u> The entry of judgment and sentence occurs at the time of sentencing. If you do not appeal you may not ever have another opportunity to have any errors made in this case corrected by another court.

Ariz. R. Crim. P., 17 A.R.S. (1973) (citations omitted).

¶55 Rule 26.11 and Form 23 were new. They were not derived from the 1956 Rules. The comment to Rule 26.11 observed that the duties imposed on trial judges and the information in the form were drawn from "current practice," and were intended to convey information covered in Rules 6 (right to counsel), 31 (right to appeal), and 32 (post-conviction relief).[7] Ariz. R. Crim. P. 26.11 cmt., 17 A.R.S. (1973). This was a significant change that directly involved the defendant. The Rules of Criminal Procedure provided a plain statement of the law about a right and duty that did not require a lawyer, legal training, or access to law books to understand. *Compare* Ariz. R. Crim. P. 325, 327, 330, and 348, 17 A.R.S. (1956), *with* Ariz. R. Crim. P. 26.11, 26.16, and 31.3, 17 A.R.S. (1973). This plain statement resolved in 1973 the question posed by the majority today. *See* Ariz. R. Crim. P. 41, Form 23; *see also,* Ariz. R. Crim. P. Form 23, 17 A.R.S. (1973).

¶56 Equally telling, our supreme court rejected the Advisory Committee recommendation to adopt the federal rule regarding entry of judgment and sentence. The Advisory Committee suggested that the "notation of the exact terms of the judgment and sentence by the clerk in the docket shall constitute the entry of judgment and sentence." *Proposed Rules*, at 132. The proposed comment had explained: "This section is derived from Fed. R. App. P. 36. The date of the entry of judgment and sentence is the point from which the 20-day time limit for filing a notice of appeal is measured. *See*

---

[7]This comment also contradicts the majority's assertion that Rule 26 does not concern appeals. *See supra* ¶ 18. To the contrary, it anticipates that the sentencing court and written materials must inform the defendant about appellate rights, procedures, and deadlines.

Rule [31.3]." *Id.* Significantly, our supreme court rejected the proposed language and eliminated the comment. *Compare Proposed Rules*, Rule 29.16, *with* Rule 26.16, 17 A.R.S. (1973). The court rejected the federal rule and deliberately chose the language the rule has in its current form. By effectively adopting the long-existing federal rule,[8] the majority overrules the decision of our supreme court rejecting that rule. This court lacks such authority. *See Sell v. Gama*, 231 Ariz. 323, ¶ 31, 295 P.3d 421, 428 (2012) (prior decisions of highest court cannot be disaffirmed by a lower court).

¶57        In response to the observation that its holding adopts many aspects, but not all,[9] of the federal rule, the majority argues our supreme court may have been concerned about sentence finality rather than appellate timing. For instance, the majority cites *State v. Falkner*, 112 Ariz. 372, 373, 542 P.2d 404, 405 (1975), for the proposition that the 1973 changes were a complement to a general preference for finality.[10] *Falkner* is inapposite because it neither relies on nor references Rule 26.16 or Rule 31.3. Moreover, to the extent *Falkner* addresses judgment being complete only upon entry of the clerk's minutes, it observed that the principle was good law "[p]rior to the passage of the 1973

---

[8]*See* Fed. R. App. P. 36 ("A judgment is entered when it is noted on the docket.") and 4(b) ("In a criminal case, a defendant's notice of appeal must be filed . . . after . . . the entry of . . . judgment . . . .").

[9]Rule 4(b), Fed. R. App. P., also addresses premature notices filed before entry of judgment or a ruling on a time-extending motion, affirmation of trial court jurisdiction, and good cause extensions of time for failure to file a timely notice.

[10]Although the majority also employs *State v. Brown*, 23 Ariz. App. 225, 532 P.2d 167 (1975), in various contexts, it has limited value on the principal issue because it was clear soon after the 1973 changes that certain comments were in conflict with the language of other rules and were causing confusion. *See State v. Brown*, 112 Ariz. 29, 31, 536 P.2d 1047, 1049 (1975) (observing that conflicting comments were in the process of being deleted).

32

Rules." *Id.* at 373, *citing Johnson*, 108 Ariz. at 118, 493 P.2d at 500, *and State v. Dowthard*, 92 Ariz. 44, 373 P.2d 357 (1962). If *Johnson* and *Dowthard* remained good law, our supreme court would not have qualified their precedential value as being limited to the law in effect prior to the enactment of the 1973 changes. *Falkner* makes the clear point, albeit in dicta, that entry of judgment and sentence had a different meaning prior to 1973.

**Does interpreting "entry of judgment and sentence" to mean the same as "filing of the minute entry" cause conflicts or confusion with respect to other rules of criminal procedure?**

¶58        The majority interprets the phrase "entry of judgment and sentence" in Rule 31.3 to focus on the signed minute entry rather than the oral pronouncements at the sentencing hearing. In certain circumstances, however, such an interpretation may result in confusion and create future problems. For instance, Rule 31.8(b)(2)(iii) requires the court reporter to transcribe the "entry of judgment and sentence." Under the majority's interpretation, this would mean the court reporter must transcribe the minute entry. Clearly, the intent of the rule is to require a transcription of the sentencing hearing, not the minute entry.

¶59        The majority's interpretation also causes potential confusion for trial judges and defendants regarding the admonishment that must be given under Rule 26.11. Will the trial judge be required to explain that the twenty-day period begins to run from the filing of a minute entry on some unknown date in the future? Will the defendant fail to receive timely notice of that filing because of his or her transfer from jail to prison? Contrast the complexity of an admonishment the majority's holding will require with the

33

trial judge's warning to Whitman: "You have the right to file an appeal because you had a trial. So you have to do that within 20 days."

**¶60** Finally, the majority's interpretation plainly conflicts with the statement in Form 23 that the "entry of judgment and sentence occurs at the time of sentencing." Should trial courts amend their Form 23 to conform to the holding in this case? As discussed earlier, *supra* ¶ 56, I do not believe a lower court has authority to invalidate a criminal procedure form that our supreme court has found "sufficient to meet the requirements of these rules." *See* Ariz. R. Crim. P. 41.

**Would defendants be unfairly prejudiced if "entry of judgment and sentence" means the date of sentencing?**

**¶61** My colleagues' conclusions in this regard emanate, in part, from understandable concern that confusion about when the time for filing a notice of appeal begins to run could unfairly penalize defendants despite the diligent efforts of their attorneys. Fortunately, this is an area in which defendants have strong protection. Rule 32.1(f), Ariz. R. Crim. P., provides that defendants are entitled to post-conviction relief upon a showing that they were not at fault for the failure to file a timely notice of appeal. For instance, in the notice of appeal Whitman's attorney filed on December 28, counsel referred to the judgment of guilt and sentence imposed "on December 20." Counsel most likely believed the notice was timely. Instead, there was likely a clerical

error or miscommunication.[11]   On the present record, Rule 32.1(f) would provide relief that would protect Whitman from unfair prejudice arising from a routine mistake.

¶62         Finally, while I do not doubt for a moment my colleagues' intent to remedy what they conclude are "confusing and seemingly contradictory rules and forms," *supra* ¶ 20, today's holding will cause more problems for defense attorneys and their clients.  A twenty-day deadline that runs from the time of sentencing is clear, while also protecting defendants' rights.   With the mandatory presence of defendant and his attorney at sentencing, the court informs everyone (including victims and observers) by oral pronouncement and in writing that defendant has twenty days from that date to file a notice of appeal.  Ariz. R. Crim. P. 26.9, 26.11, and 41, Form 23.  An especially diligent attorney can provide the exact date to defendant while in the courtroom.

¶63         Under the majority's holding, however, simplicity is lost.  For any case in which the defendant does not make an immediate decision to appeal, defense counsel is burdened with unnecessary post-sentencing tasks.  He or she must closely monitor the filings to determine the exact date the sentencing minute entry is filed.  Counsel is then required to give written notification of the deadline to a client who is typically in transit between penal institutions.  The client in turn must communicate to defense counsel whether he or she wishes to appeal.  In a high-volume criminal defense practice, this type

---

[11]Although not dispositive of the legal issue here, we should not ignore the facts of this case.  After the state challenged jurisdiction based on the timeliness of the notice of appeal, Whitman agreed that Rule 31.3 "provides for only a 20-day window" from sentencing and requested an additional five calendar days based on the mailing rule. Whitman has never argued he was confused by the meaning of entry of judgment and sentence.   More likely, counsel mistakenly believed sentencing had occurred on December 20.

of complexity does not benefit attorneys or their clients. It also conflicts with a primary purpose of the rules "to secure simplicity in procedure." *See* Ariz. R. Crim. P. 1.2.

## Conclusion

¶64      Since 1973, defendants have been told by trial judges, and in a written form, that they have twenty days from sentencing to file a notice of appeal; otherwise, they will lose the right to appeal. I believe this is the proper procedure based on a simple reading of an unambiguous rule. I would dismiss the appeal for lack of jurisdiction, which would allow Whitman to confer with counsel regarding post-conviction relief.

/s/ *Michael Miller*
MICHAEL MILLER, Judge